19299

William A. HILL, Appellant, v. AMERICAN EXPRESS COMPANY, Respondent

(184 S. E. (2d) 115)

*David E. Trice, Esq.,* of Cheraw, *for Appellant,* cites: *As to the Appellant's Amended Complaint not stating an action for libel and not being barred by the Statute of Limitations:*

*William P. Griggs,* of *Harris* and *Griggs,* Cheraw, *for the Respondent,* cites:

October 12, 1971.

BUSSEY, Justice.

This is an appeal by the plaintiff from an order granting a motion for summary judgment and dismissing his asserted cause of action, the lower court holding that his complaint stated only cause of action for defamation, not commenced within two years and, hence, barred by Sections 10-141 and 10-145 of the 1962 Code of Laws. In our view, His Honor was in error in so holding and we reverse.

Summarized briefly, the complaint alleges the following facts. Plaintiff had been a user of defendant's credit card system for some fifteen years prior to 1967, during which year he was the holder of a credit card issued to him by the defendant on May 31, 1966, for the usual valuable consideration paid to it by the plaintiff. Under the terms and conditions of defendant's credit card it agreed at all times to pay promptly all charges made against such card by plaintiff or members of his family on rendition of a statement of such charges to the defendant. In February 1967 and again in June 1967, with two different hotels or motels, plaintiff used such credit card to pay his charges and in both instances defendant declined to pay such charges in accordance with the terms of the credit card, causing such charges to be charged to the plaintiff by the respective motels. And, additionally, the defendant notified him that his credit card had been canceled and warned him against further use thereof under threat of prosecution. The plaintiff had at all times fully complied with the terms and conditions of the credit card; had paid all proper charges and, in fact, overpaid defendant for all valid charges made against his credit card, the defendant still being indebted to plaintiff for such overpayment, and defendant had no cause or reason whatsoever to cancel his credit card or refuse to honor charges thereagainst. He asserts that the actions of the defendant were wrongful, false, reckless, wanton, etc., in disregard of defendant's duty and plaintiff's rights, with resulting damage to plaintiff's reputation, prestige, etc., and causing grief, humiliation, shame, ridicule, etc. as well as expense to the plaintiff.

We are convinced that the complaint states a cause of action other than one for defamation, to wit, a cause of action *ex contractu*, which of course is not barred by the two year statute of limitations applicable to actions for defamation.

The foregoing conclusion is sufficient to dispose of the appeal and we limit our decision to such holding. We know

of no case dealing with the wrongful dishonor of a credit card by the issuer thereof under the circumstances here alleged. Nor has any case been cited or come to our attention which deals with the respective rights, duties and liabilities of the parties arising in connection with a credit card under anything like a similar factual situation. Under these circumstances, we expressly refrain from deciding any question of novel impression not essential to the disposition of the appeal.

Reversed.

Moss, C. J., and LEWIS, BRAILSFORD, and LITTLEJOHN, JJ., concur.